UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                                          Bankruptcy No. 09-31402
                                                                                                Chapter 13
Wade D. Strilcov and
Shannon A. Strilcov,

               Debtors.
_____/

Gregory Evanoff,

               Plaintiff,

         v.                                                                           Adv. No. 10-7006

Wade D. Strilcov,

               Defendant.
_____/

### MEMORANDUM AND ORDER

This case is before the Court on two separate motions: Plaintiff Gregory Evanoff's motion for summary judgment and Defendant/Debtor Wade D. Strilcov's motion for summary judgment.

Plaintiff initiated this adversary proceeding on March 3, 2010, alleging that a judgment entered in his favor against Debtor Wade D. Strilcov in the amount of $50,000.00 in Debtor's 2000 bankruptcy case is nondischargeable pursuant to 11 U.S.C. § 523. Plaintiff also requests costs and disbursements and such other and further relief as deemed just and proper. Plaintiff filed a motion for default judgment on May 5, 2010. Debtor filed an objection to Plaintiff's motion for default judgment on May 7, 2010. Debtor filed his answer on May 17, 2010. On May 25, 2010, the Court denied Plaintiff's motion for default judgment.

Plaintiff filed a motion for summary judgment on July 17, 2010, seeking judgment in his favor. Debtor filed a motion for summary judgment on August 17, 2010, and responded to Plaintiff's

motion therein. Plaintiff responded to Debtor's motion for summary judgment on August 19, 2010.

## FINDINGS OF FACT

Debtors filed a Chapter 7 bankruptcy petition in a previous case on September 8, 2000. Debtors listed Plaintiff as a creditor holding a secured claim in the amount of $32,500.00 on their schedules. On December 4, 2000, Plaintiff commenced an adversary proceeding alleging Debtor Wade D. Strilcov knowingly and fraudulently, and in connection with the bankruptcy case, made a false oath in the meeting of creditors in relation to Debtor selling a floor scrubber he did not own and retaining the proceeds. The complaint further alleged Debtor engaged in acts of defalcation and embezzlement while acting in a fiduciary capacity and improperly appropriating funds. In his answer, Debtor denied the above claims.

On March 21, 2001, the parties entered into a joint stipulation of uncontested facts. In substance, the parties agreed to the following facts:

1. Plaintiff and Debtor were the only two shareholders of Xtreme Motorsports, Inc. (Xtreme Motorsports) which owned a retail store that sold sporting goods and equipment.
2. Debtor was the president and Plaintiff was the vice president and secretary of Xtreme Motorsports.
3. Debtor was responsible for the day-to-day operation of the business and Plaintiff owned and operated his own dental practice.
4. The parties signed personal guarantees for the debts of Xtreme Motorsports with several vendors.
5. Xtreme Motorsports went out of business in early 2000.
6. Xtreme Motorsports leased a floor scrubber in August 1999. When assets were liquidated, the floor scrubber was not found.
7. Debtor used funds from Xtreme Motorsports to pay insurance for his used car business.
8. Debtor took possession of and currently retains as his own at least two firearms received by Xtreme Motorsports. Debtor stated at the meeting of creditors that he does in fact own two firearms taken from Xtreme Motorsports.
9. Debtor stated at the meeting of creditors that he did not know what happened to the floor scrubber and denied selling it.

10. Debtor stated at the meeting of creditors that he used Xtreme Motorsport's funds to pay for his used car business. He also stated that Plaintiff authorized him to use Xtreme Motorsport's fund to pay for the insurance on the used car business.

On March 29, 2001, the parties entered into a stipulation for entry and enforcement of judgment. The parties modified the stipulation and entered into a second stipulation for entry and enforcement of judgment on May 21, 2001. In substance, the parties agreed in the second stipulation for entry and enforcement of judgment that:

1. Both parties acknowledge that they entered into this stipulation of their own free will and under no coercion or duress. Debtor understands that the intent of this stipulation is to give final and irrevocable effect to its terms, and that by entering into this stipulation, he is forever waiving his right to defend on the merits of the above-captioned suit.
2. In settlement of Plaintiff's claims, Debtor unconditionally consents to the immediate entry of judgment in favor of Plaintiff against Debtor, nondischargeable in bankruptcy under section 523 in the amount of $50,000.00. Plaintiff dismisses any claim he may have had under 727. It is the specific intent of the stipulation that the judgment be entered forthwith and as a final disposition of this proceeding.
3. Plaintiff agrees that he will not enforce the above judgment and will not docket the judgment in state court for so long as Debtor makes payments on the judgment, with interest at the rate of 6% per annum, beginning April 1, 2001, and continuing on the same day of each following month in accordance with the outlined payment schedule. Debtor may prepay any of the loan. Any acceptance of late payments shall not constitute waiver of Debtor's obligation to make timely payments.
4. Plaintiff will satisfy the judgment upon completion of all payments. If payments are not timely made, Plaintiff may declare this agreement in default. If Debtor does not cure any default within 30 days of written notice, Plaintiff may proceed to enforce the judgment, docket in state court and collect the entire unpaid balance.

This Court entered an order for judgment and a judgment on June 5, 2001. The Court ordered that Plaintiff shall recover from Debtor the sum of $50,000.00, together with interest at the rate of 6% per annum and that the debt represented by said judgment is excepted from Debtor's discharge under 11 U.S.C. § 523. In its judgment, the Court additionally ordered and adjudged that the

judgment is consistent with the stipulation as to entry and enforcement of judgment entered between the parties and filed on May 21, 2001.

Debtors Wade D. and Shannon A. Strilcov filed another Chapter 7 bankruptcy petition on November 25, 2010. On March 30, 2010, Debtors filed a motion to convert their Chapter 7 bankruptcy case to Chapter 13. On March 31, 2010, the Court granted Debtors' motion to convert to Chapter 13.

## CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure governs the granting of summary judgment motions and is made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment is appropriate if, "assuming all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane), 124 F.3d 978, 981-82 (8th Cir. 1997), cert. denied, 522 U.S. 1112 (1998) (citations omitted). Procedurally, the initial burden is on the moving party to establish the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Dennis v. Novotny (In re Novotny), 224 B.R. 917, 921 (Bankr. D.N.D. 1998). However, summary judgment will not be granted in the moving party's favor "unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" Simundson v. United Coastal Ins. Co., 951 F. Supp. 165, 166-67 (D.N.D. 1997) (quotation omitted). The court views the record in light most favorable to the nonmoving party and affords that party all reasonable inferences. Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008).

Plaintiff argues that the debt owed by Debtor to Plaintiff that resulted in the 2001 bankruptcy

4

judgment remains nondischargeable. Defendant argues that the prior bankruptcy judgment does not specify a specific subsection of section 523 and that the Court never determined the merits of Plaintiff's claim.

It is well settled that "a determination of nondischargeability in one bankruptcy case bars a redetermination of that issue in a subsequent bankruptcy case". In re Swate, 99 F.3d 1282, 1288 (5th Cir. 1996); Klasinski v. Hatmaker (In re Klasinski), 215 B.R. 181, 183 (Bankr. C.D. Ill. 1997); Saler v. Saler (In re Saler), 205 B.R. 737, 748-49 (Bankr. E.D. Pa.1997); McIntosh v. Webb (In re Webb), 157 B.R. 614, 616 (Bankr. N.D. Ohio 1993); Royal Am. Oil & Gas Co. v. Szafranski (In re Szafranski), 147 B.R. 976 (Bankr. N.D. Okla.1992); Rakozy v. Crasper (In re Crasper), 142 B.R. 396, 397 (Bankr. D. Idaho 1992); First Nat'l Bank v. Boerger (In re Boerger), 67 B.R. 922 (Bankr. W.D. Mo.1986). This holding is based in part on 11 U.S.C. § 523(b), which provides as follows:

> (b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section ... in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

This section permits the discharge of certain debts that were not discharged in a prior proceeding, but which would have been discharged had the prior case been filed at a later date or had the creditor not been omitted from the schedules. In re Klasinski, 215 B.R. at 183. The negative implication of this provision is that it forbids the discharge of a debt which was previously determined nondischargeable on the basis of past acts which do not change. Id. (citing In re Szafranski, 147 B.R. at 988).

In In re Klasinski, the nondischargeability claim was based upon section 523(a)(2). 215 B.R. at 183. In that case, the debtor argued that the prior bankruptcy judgment did not contain a specific

5

finding of nondischargeability. Id. The court found that while the previous judgment did not contain the magic word "nondischargeable," it was not determinative. Id. The court held that the dischargeability of the debtor's debt was clearly the central issue in the adversary proceeding and dischargeability proceeding was settled when the debtor agreed to pay the creditor $4,000.00. Id. The court stated it was obviously the intent of the parties that this debt would be excepted from discharge, and the court approved the settlement with the understanding that the debt would be nondischargeable. In re Klasinksi, 215 B.R. at 183.  The court held that the debt was excepted from discharge under section 523(a)(2), therefore § 523(b) was not applicable, the debt remained excepted from discharge, and the plaintiff's motion for summary judgment was allowed. Id.

In the present case, the parties also reached settlement without trial. Here, unlike In re Klasinski, there is no question whether the debt was excepted from discharge. The Court specifically ordered that the debt owed to Plaintiff from Debtor "in the sum of $50,000.00 together with interest thereon as provided by law is nondischargeable under 11 U.S.C. § 523." Although this Court did not specify which subsection of 523 applied in finding the debt was excepted from discharge, it is clear that the debt was not a tax or customs duty debt under section 523(a)(1), omitted from the schedules as described in 523(a)(3),  nor was it a debt that would allow for an undue hardship determination pursuant to 523(a)(8). Therefore, the debt is not excepted from discharge in this case under section 523(b).

Plaintiff has established the right to judgment with such clarity as to leave no room for controversy. Viewing the record in light most favorable to Debtor regarding Plaintiff's motion for summary judgment, summary judgment is appropriate relating to Plaintiff's claim.  As such, Plaintiff is entitled to judgment as a matter of law.

Accordingly, Plaintiff Gregory Evanoff's motion for summary judgment is **GRANTED** and Defendant Wade D. Strilcov's motion for summary judgment is **DENIED**. Plaintiff Gregory Evanoff's prior bankruptcy judgment in the amount of $50,000.00 plus interest against Debtor Wade D. Strilcov is nondischargeable. The parties shall bear their own attorney's fees and costs.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY**

Dated this September 29, 2010.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**